IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                              OPINION AND ORDER

          Plaintiff,

                              08-cv-527-bbc

    v.                               06-cr-39-bbc

TRAN HAI VAN,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Tran Hai Van has filed a motion under 28 U.S.C. § 2255 to vacate and correct the sentence imposed on him on June 13, 2007.  Defendant contends that his sentence is illegal because he was denied the effective assistance of counsel at his sentencing. He argues also that he is entitled to a post conviction downward departure under U.S.S.G. § 5K2.19 for his post sentencing rehabilitative efforts.

      In order to prove that his constitutional right to the effective assistance of counsel was violated, defendant would have to show both that his counsel's performance fell below the minimum standard for criminal defense lawyers *and* that he was prejudiced as a result. Strickland v. Washington, 466 U.S. 668 (1984).  As I understand defendant's argument, he is contending that his appointed counsel was ineffective because he failed to argue for a

1

lower sentence based on the mitigating factor that defendant is subject to deportation as an illegal alien. He cites two cases that supposedly support his argument, but neither of the cases discusses the point. In any event, it is not a factor that I would have taken into account in defendant's case.

Counsel's failure to raise the issue of defendant's deportability as a sentencing factor was not a sign of deficient representation but of good judgment. Moreover, the failure did not prejudice defendant; even if counsel had raised the point, it would have been denied.

Defendant makes a conclusory statement that his counsel misrepresented the plea to him and did not advise him that the agreement would result in a long sentence. He does not say what his counsel told him, when and where he told him and whether anyone else was present. Without such particulars, I cannot evaluate the merits of his claim. Key v. United States, 806 F.2d 133, 139 (7th Cir. 1986) (allegation that counsel made promises to defendant must be supported by allegations specifying terms of alleged promises, when, where and by whom such promises were made and precise identity of any witnesses to promise and even these allegations may not be sufficient to warrant evidentiary hearing if they do not overcome presumption that defendant's statements to court at time of plea were truthful). It seems unlikely that defendant could overcome the presumption that he was telling the truth when he told the court that no one had made any promises to him other than those set out in the government's written plea agreement and that no one had told him

2

he would get a specific sentence if he entered a plea of guilty. Having made those statements in open court, defendant would have a difficult time disavowing them more than a year later.

As for defendant's request for a downward departure under § 5K2.19 for post sentencing rehabilitation, defendant recognizes that even if such a departure were appropriate, it could be granted only if the court is re-sentencing a defendant. As he notes, "The court decided in United States Vs. Rhodes, 145 F.3d 1375 (D.C. Cir. 1998) that sentencing courts may consider post conviction rehabilitation *at re-sentencing*." Dft.'s M., dkt. #93, at 3 (emphasis added). Defendant has not shown that he is eligible for re-sentencing on any grounds.

ORDER

IT IS ORDERED that defendant Tran Hai Van's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED for defendant's failure to show that his sentence is illegal in any respect.

Entered this 24th day of September, 2008.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3